UNITED STATES of America,
Plaintiff–Appellee,

v.

Darryll Arthur PUGH, a/k/a Howie,
Defendant–Appellant.

No. 03–6166.

United States Court of Appeals,
Fourth Circuit.

Submitted April 18, 2003.

Decided July 14, 2003.

---

Darryll Arthur Pugh, Appellant Pro Se.
Samuel Gerald Nazzaro, Jr., Assistant
United States Attorney, Wheeling, West
Virginia, for Appellee.

Before WILKINSON, WILLIAMS, and
KING, Circuit Judges.

Affirmed in part, vacated in part, and
remanded with instructions by unpublished
PER CURIAM opinion.

## OPINION

PER CURIAM.

Darryll Arthur Pugh appeals the district
court's order denying his motion request-
ing that his presentence report ("PSR") be
unsealed and a complete copy be forward-
ed to him. For the reasons that follow, we
affirm the district court's order in part,
vacate it in part, and remand the case for
further consideration consistent with this
opinion.

■ First, Pugh argues that Bureau of
Prisons ("BOP") Program Statement No.
1351.05, which prohibits federal inmates
from possessing copies of their PSR, de-
nies him his constitutional rights to a fair
trial and access to the courts. Pugh's
trial, however, has already occurred, and
his PSR, which relates to his sentencing,
would have no bearing on the fairness of
his trial in any event. Moreover, Pugh
cannot claim denial of access where he has
not yet attempted to initiate any collateral
attack of his conviction. Thus, we affirm
the district court's implicit rejection of
Pugh's constitutional claims.

■ The district court also addressed
Pugh's claim under the Freedom of Infor-
mation Act ("FOIA"), 5 U.S.C. § 552
(2000), citing to *United States Dep't of
Justice v. Julian*, 486 U.S. 1, 108 S.Ct.
1606, 100 L.Ed.2d 1 (1988). The district
court cited *Julian* for the proposition that
an inmate may view his or her own PSR
and take handwritten notes, but is not
entitled to a copy thereof. However, we
find that *Julian* stands for the opposite
proposition: that under FOIA, an inmate
is entitled to a copy of his or her own PSR
from the Department of Justice ("DOJ"),
the BOP, or the Parole Commission. In
*Julian*, the Supreme Court noted the
courts' reluctance to give a third party
access to a PSR prepared for another indi-
vidual in the absence of a showing of spe-
cial need. However, the Court held that a
similar restriction on discovery is not ap-
plicable when the individual requesting
discovery is the subject of the PSR. The
Court stated, "there simply is *no* privilege
preventing disclosure in the latter situa-
tion." *Julian*, 486 U.S. at 14 (emphasis in
original).

Therefore, we vacate the district court's
order to the extent it finds that Pugh has
no right to a copy of his PSR under *Jul-
ian*, and remand for further consideration.

We note that, pursuant to
§ 552(a)(4)(B), a FOIA action may be
brought either: (1) where the complainant

resides; (2) where the agency records are situated; or (3) the District of Columbia. We cannot determine from the available record, however, whether venue is appropriate in the Northern District of West Virginia. The record casts no light on the physical location of the PSR and, while Pugh is apparently incarcerated in Pennsylvania, we express no opinion as to where he "resides" within the meaning of § 552. Accordingly, on remand the district court should address whether Pugh's FOIA claim is in the proper court.

Accordingly, we affirm the district court's implicit rejection of Pugh's constitutional claims, vacate the district court's order to the extent it rejects Pugh's FOIA claim based on *Julian,* and remand the case to the district court for further consideration consistent with this opinion. We also deny Pugh's motion to expedite the appeal as moot, deny his motion to appoint counsel, and deny his motion for summary judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED IN PART; VACATED IN PART; AND REMANDED WITH INSTRUCTIONS.*